UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENT A. ALLEN,

                Plaintiff,

-against-

VALDIMER TENEV (Robinhood); BAIJU BHATT (Robinhood); RADRIC DAVIS (Gucci Mane),

                Defendants.

1:21-CV-4119 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, asserts claims for the alleged appropriation of his idea for Robinhood, an internet website that provides stock-trading services. He also alleges appropriation of his ideas for the domain names for other internet websites, including Google, Visio, Instagram, Postmates, "Kangeroo," and Amazon. He sues: (1) Vladimir Tenev, a co-founder and co-Chief Executive Officer of Robinhood; (2) Baiju Bhatt, another co-founder and co-Chief Executive Officer of Robinhood; and (3) Radric Davis, a recording artist who is also known as "Gucci Mane." Plaintiff invokes the diversity of citizenship statute, 28 U.S.C. § 1332, as the basis for this Court's jurisdiction. By order dated August 19, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses this action.

## BACKGROUND

      Plaintiff alleges the following: When Plaintiff was 10 years old and living in rural Georgia, he played with his friend, Defendant Radric Davis, who would become the recording artist also known as "Gucci Mane." During that time, one of Plaintiff's favorite "cartoon shows to watch was Robin Hood." (ECF 2, at 6.) One day, while he was playing with Davis, Plaintiff

"thought about how Robin Hood the cartoon show should also be used for stock trading. At first, [Davis] was puzzled at the idea. [Plaintiff] explained to him that the name ma[de] [Plaintiff] think of stock trading." (*Id.*)

Plaintiff's "myth was that the theme of the [Robin Hood] show means that a person steal[s] from the rich and give[s] to the poor. In stock trading, you see this as poor traders look to become enriched. Additionally, stock trading is a zero sum game." (*Id.*) Plaintiff assured Davis, who was still puzzled, that his idea would work and asked Davis to trust him. Plaintiff told Davis that "once [they] introduce this to the cartoon creators of Robin Hood they will love it." (*Id.*) Davis agreed. "Years later, [Davis] became a famed entertainment artist and put out the idea [to] the public. . . ." (*Id.*) As a child, Plaintiff also developed the ideas for internet domain names including Google, Visio, Instagram, Postmates, "Kangeroo," and Amazon.

Plaintiff "look[s] to be compensated and . . . given credit for [his] ideas." (*Id.* at 12.) He is "[a]lso just looking to have [his] personal life back. . . ." (*Id.*) "Due to the welfare of Robinhood employees," Plaintiff feels that "the remedy of $57 million would be fair." (*Id.* at 13.)

## DISCUSSION

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)*; see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Id.* (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir.

2

2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

Plaintiff should be familiar with these standards, which the Court has applied in dismissing multiple other actions that he has filed. Based on Plaintiff's history of filing vexatious litigation, by order dated June 28, 2021, the Court barred Plaintiff from filing future civil actions in this court IFP without first obtaining leave to file. *Allen v. Almanzar*, ECF 1:21-CV-3838, 5 (S.D.N.Y. June 28, 2021).

Because Plaintiff filed this action before the Court issued the filing restriction, this action is not subject to it. But this action is not a departure from Plaintiff's pattern of vexatious litigation.

The Court finds that Plaintiff's factual allegations – that as a young child, Plaintiff developed Robinhood and numerous internet domain names, including Google, Visio, Instagram, Postmates, "Kangeroo," and Amazon, and that Defendant Radric Davis revealed Plaintiff's idea for Robinhood to the public – present no basis for a legally viable claim and are factually baseless.[1]

As the Supreme Court of the United States has held, where, as here, "the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and

---

[1] In other actions Plaintiff filed in this court, Plaintiff alleged that he developed well-known internet websites and domain names, including most of those mentioned in the present complaint. *Allen v. Patton*, 1:21-CV-3468, 6 (S.D.N.Y. Aug. 11, 2021) (dismissing for failure to state a claim and as frivolous Plaintiff's claims of appropriation of his ideas for Google and Instagram, and his development of the domain names for Google, Visio, Postmates, Kangaroo, and Amazon); *Allen v. Patton*, ECF 1:21-CV-3457, 7 (S.D.N.Y. June 3, 2021) (same, not including Visio); *Allen v. Patton*, 1:21-CV-3459, 7 (S.D.N.Y. June 3, 2021) (same, not including Visio); *Allen v. Patton*, 1:21-CV-4123, 5 (S.D.N.Y. June 1, 2021) (same, not including Visio); *Allen v. Cole*, 1:21-CV-3450, 6 (S.D.N.Y. May 7, 2021) (dismissing for failure to state a claim Plaintiff's claims of appropriation of his ideas for Google and Instagram); *Allen v. Patton*, 1:21-CV-3434, 6 (S.D.N.Y. Apr. 30, 2021) (same).

'delusional,'" a court may dismiss a claim as "factually frivolous." *Denton v Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ." *Id*. at 33. Even if Plaintiff's assertions could be construed as claims of cybersquatting,[2] Plaintiff clearly does not have protectible interests in the ideas for the internet websites and domain names listed in the present complaint. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) ("Examples of [claims based on an indisputably meritless legal theory include] . . . claims of infringement of a legal interest which clearly does not exist. . . . Examples of [claims whose factual contentions are clearly baseless] are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."). For these reasons, the Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

In deference to Plaintiff's *pro se* status, the Court would normally permit Plaintiff to amend his complaint. But the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss a complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face"). The Court therefore declines to grant Plaintiff leave to amend.

---

[2] "[C]ybersquatting is the Internet version of a land grab. Cybersquatters register well-known brand names as Internet domain names in order to force the rightful owners of the marks to pay for the right to engage in electronic commerce under their own name." *Gioconda Law Grp. PLLC v. Kenzie*, 941 F. Supp. 2d 424, 431 (S.D.N.Y. Apr. 23, 2013) (internal quotation marks and citation omitted). "A claim of cybersquatting is governed by 15 U.S.C. § 1125(d)(1)(A), which imposes liability on any person who registers, traffics in, or uses a domain name that . . . is identical or confusingly similar to a trademark." *Salvatore Ferragamo S.p.A. v. Does 1-56*, No. 18-CV-12069, 2020 WL 774237, at *3 (S.D.N.Y. Feb. 18, 2020) (internal quotation marks omitted).

The Court reminds Plaintiff that the filing restriction remains in effect with respect to any future civil actions he files in this court IFP.

## CONCLUSION

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 26, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge